UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------------------------------------x

FLATWORLD MORTGAGE SOLUTIONS LLC,    :

                                       :    Case No. 3:26-cv-8008

                      Plaintiff,    :

                                         :

        -against-    :    **COMPLAINT**

                                         :

RAJEEV KUMAR,    :

                                         :

                     Defendant.    :

                                       :

---------------------------------------------------------------x

Flatworld Mortgage Solutions LLC ("Flatworld" or "Plaintiff"), by its attorneys, for his complaint against Defendant Rajeev Kumar ("Kumar" or "Defendant") alleges:

## PRELIMINARY STATEMENT

1. Defendant Kumar was employed by Plaintiff Flatworld from 2021 to 2025. As a condition of his employment with Flatworld, Kumar entered into an Employment Agreement and a Confidentiality and Nonsolicitation Agreement. While employed by Flatworld, Kumar violated his duty of loyalty to Flatworld by competing with it. Likewise, after leaving Flatworld, Kumar brazenly violated the Confidentiality and Nonsolicitation Agreement by soliciting employees of Flatworld and disclosing its confidential information. Kumar also tortiously interfered with Flatworld's contracts with its customers.

## JURISDICTION AND VENUE

2. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

3. Venue exists in this Court pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claim occurred in New Jersey.

4.      Personal jurisdiction is proper over Kumar because Kumar has extensive contacts with New Jersey pursuant to his employment by Flatworld. An employment agreement between Flatworld and Kumar provides that Kumar's "primary work location will be the Company's main office in Princeton, NJ unless otherwise directed by the CEO."  Exhibit A, Section 4.  Likewise, the Employment Agreement states that "Employee shall report to the CEO, David Antony."  Mr. Antony is based in the Princeton, NJ office of Flatworld.  Id.

## PARTIES

5.      Plaintiff Flatworld is a Delaware limited liability company with its principal place of business in Princeton, New Jersey.  The sole member of Flatworld is Flatworld Intermediate Corporation, which is a Delaware corporation with its principal place of business in Princeton, New Jersey.

6.      On information and belief, Defendant Kumar is an individual residing in Bangalore, India.

## FACTUAL ALLEGATIONS

**I.      The Employment Agreement, And The Confidentiality And Nonsolicitation Agreement Between Flatworld And Kumar**

7.      On September 30, 2021, Kumar entered into an Employment Agreement with Flatworld ("Employment Agreement").  A true and correct copy of the Employment Agreement is annexed hereto as Exhibit A.

8.      The Employment Agreement provides, in relevant part, as follows:

3. **Pre-employment Conditions.**

(a) **Confidentiality and Non-Solicitation Agreement.**  Your acceptance of this offer and commencement of employment with the Company is contingent upon the execution, and delivery to an officer of the Company, of the Company's Confidentiality and Non-Solicitation Agreement, a copy of which is attached for your review and execution as Exhibit A …prior to

2

or on your Start Date.

9.      Preceding Kumar's signature, the Employment Agreement states that "I have read this offer and agree to accept Employment with Company under the terms set forth in this letter. ACCEPTED AND AGREED:" Exh. A.

10.     The Employment Agreement also provides that it will be governed by the laws of New Jersey.  Id, p. 3.

11.     The September 30, 2021 Confidentiality and Nonsolicitation Agreement ("Confidentiality and Nonsolicitation Agreement") between Flatworld and Kumar provides that "Employee enters into this Agreement as a condition of his employment with Company."  A true and correct copy of the Confidentiality and Nonsolicitation Agreement is annexed hereto as Exhibit B.

12.     Section 4 of the Employment Agreement provides that "Your primary work location will be Company's main office in Princeton, NJ unless otherwise directed by the CEO."

13.     Section 1.5 of the Confidentiality and Nonsolicitation Agreement provides that:

> Equitable Relief and Remedies.  Employee acknowledges that any breach of this Agreement will cause substantial and irreparable harm to the Company for which money damages would be an inadequate remedy. Accordingly, the Company shall in any event be entitled to obtain injunctive and other forms of equitable relief to prevent such breach and to recover from Employee the Company's costs (including, without limitation, reasonable attorneys' fees) incurred in connection with enforcing this Agreement, in addition to any other rights or remedies available at law, in equity or by statute.

14.     Kumar was employed by Flatworld from September 30, 2021 to December 11, 2025.

15.     Kumar was also a member of Flatworld until October 2022.

**II.      Kumar's Breaches of the Confidentiality And Nonsolicitation Agreement**

16.    Section 1.1(c)(1) of the Confidentiality and Nonsolicitation Agreement provides that:

> (c)  During the period of Employee's employment with the Company and for a period of one (1) year following termination thereof (for whatever reason), Employee agrees not to, directly or indirectly, for Employee's own benefit, whether by himself or on behalf of or for the benefit of any third party, whether as an owner, partner, shareholder, member, joint venturer, consultant, participant, employee, adviser, agent or otherwise, do any of the following:
>
> (1) Call upon, solicit or otherwise contact any Customer for the purpose of marketing, distributing or selling any products and/or services that are similar to, are competitive with. or could be used as a substitute or replacement for the Company's Products and Services;

17.    Section 1.1(a)(2) of the Confidentiality and Nonsolicitation Agreement defines "Customer" as follows:

> Customer shall mean any person or entity (a) that purchased any goods or services from the Company, and (b) with whom Employee had personal contact, with respect to whom Employee had personal involvement, for whom Employee performed any work or about whom Employee learned confidential or proprietary information as an employee of the Company, during the Employee's employment with the Company.

18.    Kumar breached Section 1.1(c)(1) of the Confidentiality and Nonsolicitation Agreement by soliciting numerous customers of Flatworld including Angel Oak Mortgage, Mutual of Omaha, Livingston International (Purolater), Elend, The Lender and Tera Verde.

19.    Section 1.1(b) of the Confidentiality and Nonsolicitation Agreement prohibits the use and disclosure of Flatworld's Confidential Information, as defined by Section 1.1(a)(1) of the Agreement.

20.    Kumar breached Section 1.1(b) of the Confidentiality And Nonsolicitation Agreement by disclosing Flatworld's Confidential Information to multiple entities and persons including Livingston International.

4

**III.     Kumar's Breaches Of His Duty Of Loyalty And Tortious Interference**

21.     During his employment with Flatworld, Kumar owed it a duty of loyalty not to, among other things, compete with Flatworld.

22.     Kumar breached his duty of loyalty to Flatworld by launching and promoting a business that competes directly with Flatworld called OWNGCC while employed by Flatworld.

23.     Kumar further breached his duty of loyalty to Flatworld by entering into a secret side deal with a customer (NAF) to help it set up a captive call center for his personal benefit, not on behalf of Flatworld while he was employed by Flatworld.  Despite the fact that Kumar had a duty to Flatworld to refer this business to Flatworld, he kept it for himself and personally profited from it in breach of his duty of loyalty to Flatworld.

24.     Kumar also tortiously interfered with numerous contractual relationships of Flatworld.

25.     On May 15, 2026, on behalf of Flatworld, its counsel sent a letter to Kumar demanding that he cease and desist the foregoing conduct, but he has failed to do so and has continued to solicit customers of Flatworld in breach of the Confidentiality and Nonsolicitation Agreement.  Exhibit C.

<u>**CAUSES OF ACTION**</u>

<u>**First Cause of Action**</u>
**Breach of Nonsolicitation And Confidentiality Agreement By Soliciting Customers**

26.     Flatworld realleges Paragraphs 1 through 25 as though fully set forth herein.

27.     Flatworld and Kumar entered into the Confidentiality and Nonsolicitation Agreement.

28.     Flatworld complied with the Confidentiality and Nonsolicitation Agreement.

29.     Kumar breached the terms of the Confidentiality and Nonsolicitation Agreement.

30. Specifically, Kumar breached Section 1.1(c)(1) of the Confidentiality and Nonsolicitation Agreement by soliciting numerous customers of Flatworld including Angel Oak Mortgage, Mutual of Omaha, Livingston International (Purolater), Elend, The Lender and Tera Verde.

31. Despite receiving a May 15, 2026 letter from counsel on behalf of Flatworld to cease and desist the foregoing conduct, Kumar has continued to solicit customers of Flatworld in violation of the Confidentiality and Nonsolicitation Agreement.

32. As a direct and proximate result of Kumar's breaches of the Confidentiality and Nonsolicitation Agreement, Kumar has caused a loss to Flatworld and Flatworld has suffered damages in an amount to be determined at trial.

<u>**Second Cause of Action**</u>
**Breach of Confidentiality And Nonsolicitation Agreement By Disclosure of Confidential Information**

33. Flatworld realleges Paragraphs 1 through 25 as though fully set forth herein.

34. Flatworld and Kumar entered into the Confidentiality and Nonsolicitation Agreement.

35. Flatworld complied with the Confidentiality and Nonsolicitation Agreement.

36. Kumar breached the Confidentiality and Nonsolicitation Agreement.

37. Specifically, Kumar breached Section 1.1(b) of the Confidentiality and Nonsolicitation Agreement by disclosing Flatworld's Confidential Information to multiple entities and persons including Livingston International.

38. As a direct and proximate result of Kumar's breaches of the Confidentiality and Nonsolicitation Agreement, Kumar has caused a loss to Flatworld and Flatworld has suffered damages in an amount to be determined at trial.

### Third Cause of Action
**Breach of The Duty Of Loyalty**

39.     Flatworld realleges Paragraphs 1 through 25 as though fully set forth herein.

40.     During his employment with Flatworld, Kumar owed it a duty of loyalty not to, among other things, compete with it.

41.     Kumar breached his duty of loyalty to Flatworld by launching and promoting a business that competes directly with Flatworld called OWNGCC while employed by Flatworld.

42.     Kumar further breached his duty of loyalty to Flatworld by entering into a secret side deal with a customer (NAF) to help it set up a captive call center for his personal benefit, not on behalf of Flatworld while he was employed by Flatworld.  Despite the fact that Kumar had a duty to Flatworld to refer this business to Flatworld, he kept it for himself and personally profited from it in breach of his duty of loyalty to Flatworld.

43.     As a direct and proximate result of Kumar's breaches of the duty of loyalty, Flatworld has suffered substantial damages in an amount to be proven at trial and such damages were caused by Kumar.

### Fourth Cause of Action
**Tortious Interference With Contract**

44.     Flatworld realleges Paragraphs 1 through 25 as though fully set forth herein.

45.     Flatworld has a protected interest in its contractual relationships.

46.     Kumar was well aware that Flatworld had contractual relationships with Angel Oak Mortgage, Mutual of Omaha, Livingston International (Purolater), Elend, The Lender and Tera Verde.

47.     Kumar intentionally interfered with these contracts.

48.     Kumar's intentional interference with these contracts was done with malice - without

justification or excuse.

49.     Flatworld lost business as a result of Kumar's interference.

50.     As a direct and proximate result of Kumar's tortious interference with Flatworld's contractual relationships, Flatworld suffered damages in an amount to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment against Defendant as follows:

A.     Issuing an injunction preventing Kumar from further violations of the Employment Agreement, and the Confidentiality and Nonsolicitation Agreement, including solicitation of clients of Flatworld;

B.     Awarding general and compensatory damages to Plaintiff in an amount to be proven at trial;

C.     Awarding Plaintiff the costs and disbursements of this action, including attorney's fees and punitive damages related to this dispute; and

D.     Awarding such other and further relief as the Court deems just and proper

Dated:  New York, NY
        July 1, 2026

**MOREA SCHWARTZ BRADHAM**
**FRIEDMAN & BROWN LLP**

By:/s/ Thomas A. Brown II
        Thomas A. Brown II
        John M. Bradham
        Peter B. Katzman
400 Madison Avenue, Suite 17D
New York, New York 10017
Tel. No.: (212) 695-8050

*Attorneys for Plaintiff Flatworld Mortgage*
*Solutions LLC*